**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Midland Funding LLC, | No. CV-12-0868-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Scott Huminski, et al., | |
| Defendants. | |

Plaintiff commenced this breach of contract action in Highland Justice Court to collect an alleged debt of $5,710.17. Doc. 1-2. Plaintiff served the complaint on April 25, 2012, and Defendants removed the case to this Court the next day alleging diversity and federal question jurisdiction. Doc. 1. Rather than answer the complaint in this Court, Defendants filed a motion to dismiss and numerous other motions.

Plaintiff has filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction. Doc. 9. The Court will construe the motion to dismiss as a motion to remand the case to Justice Court. Defendants oppose the motion. Docs. 13, 15. For the reasons that follow, the Court will grant Plaintiff's motion and remand this case to Justice Court.

Pursuant to the removal statute, 28 U.S.C. § 1441, any civil action brought in state court over which the federal district courts have original jurisdiction may be removed to the federal district court for the district where the action is pending. 28 U.S.C. § 1441(a). Courts strictly construe the statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Indeed, there is a "strong presumption" against removal and "[f]ederal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The complaint in this case seeks to recover $5,701.17, substantially less than the $75,000 threshold for diversity jurisdiction. Defendants' reply to the motion does not address this issue. *See* Docs. 13, 15. Defendants bear the burden "of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Because Defendants have not met this burden, the Court concludes that it does not have diversity jurisdiction.

Defendants seem to argue that a federal question exists in this case because they will ask the Court to declare unconstitutional an Arizona criminal statute (A.R.S. § 13-1921) that is not at issue in this case. Doc. 15. The Court cannot see how the criminal statute will be at issue in this case, but even if its constitutionality was raised by Defendants in an answer or counterclaim, federal question jurisdiction must be determined solely by the face of the complaint. As the Ninth Circuit has explained, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). The complaint in this case pleads nothing more than a simple breach of contract claim. The complaint does not raise a federal question.

Because the Court lacks diversity and federal question jurisdiction over this case, it will remand the case to Highland Justice Court.

**IT IS ORDERED:**

1. Plaintiff's motion to dismiss (Doc. 9), construed as a motion to remand, is **granted**. The Clerk shall remand this case to Highland Justice Court.

2. All other pending motions (Docs. 2, 7, 8, 13, 15, 16) are **denied** as moot.

DATED this 3rd day of December, 2012.

_____
David G. Campbell
United States District Judge